Angela **FISHER**, as Executrix of the Estate of John H. Fisher, deceased, Plaintiff,

v.

UNITED AIRLINES, INC., and Trans World Airlines, Inc., Defendants.

United States District Court
S. D. New York.
April 2, 1963.

Harry H. Lipsig, New York City, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, Walter E. Rutherford, New York City, of counsel, for defendant United Air Lines, Inc.

Bigham, Englar, Jones & Houston, New York City, P. G. Pennoyer, Jr., New York City, of counsel, for defendant Trans World Airlines, Inc.

McLEAN, District Judge.

■ This is a motion to remand. At the outset a preliminary question has been raised as to whether this court still has jurisdiction of this action, in view of the fact that a judge of this court on March 5, 1963 signed an order granting defendants' motion to transfer the action to the United States District Court for the Eastern District of New York. The same judge vacated his order on March 7, 1963. The papers in the action had not been transferred in the meantime. This court does not lose jurisdiction until the actual transfer of the papers takes place. Magnetic Engineering & Manufacturing Co. v. Dings Manufacturing Co., 178 F.2d 866 (2d Cir. 1950); Drabik v. Murphy, 246 F.2d 408 (2d Cir. 1957).

■■ See Rule 7 of the General Rules of this court which, inferentially, at least, requires the clerk to wait five days after the date of the order of transfer before transferring the papers. Since the order was vacated within the five-day period and before any transfer of the papers

had occurred, this court still has jurisdiction.

On the merits of the motion, the question is whether the removal was timely. 28 U.S.C. § 1446(b) provides:

"The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, \* \* \*.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

This action was originally begun in the Supreme Court, New York County, on May 22, 1961. The complaint alleges that plaintiff is a resident of New Jersey and that the defendants are Delaware corporations. Plaintiff's bill of particulars dated November 24, 1961 also states that plaintiff is a resident of New Jersey.

■ The only basis for removal of this action is diversity of citizenship. Citizenship is synonymous with domicile. Sun Printing & Publishing Ass'n v. Edwards, 194 U.S. 377, 24 S.Ct. 696, 48 L.Ed. 1027 (1904); Baker v. Keck, 13 F.Supp. 486 (E.D.Ill.1936).

It is not synonymous with residence. Robertson v. Cease, 97 U.S. 646, 24 L.Ed. 1057 (1878); Baker v. Keck, supra.

■ It is established beyond question that an allegation of a party's residence is not a sufficient allegation of his citizenship. Realty Holding Company v. Donaldson, 268 U.S. 398, 45 S.Ct. 521, 69 L.Ed. 1014 (1925); McGuigan v. Roberts, 170 F.Supp. 372 (S.D.N.Y.1959).

■ "The case stated by the initial pleading," therefore, was not removable. Defendants claim that they first learned that plaintiff was a citizen, as well as a resident, of New Jersey, when they examined plaintiff before trial on February 8, 1963.

■ It has been held that an answer given by a party on a deposition is a "paper" within the meaning of the removal statute. Gilardi v. Atchison, Topeka and Santa Fe Ry. Co., 189 F.Supp. 82 (N.D.Ill.1960).

Defendants have thus made literal compliance with the statute, since they filed their petition for removal on February 21, 1963, within twenty days after the receipt by them of a paper establishing plaintiff's citizenship and thus the requisite diversity. The case is analogous to Bonnell v. Seaboard Air Line R. R., Co., 202 F.Supp. 53 (N.D.Fla.1962), in which the removal was held timely when made within twenty days after the discovery by defendant, some months subsequent to the filing of the complaint, of the existence of the requisite jurisdictional amount.

■ Plaintiff contends, however, that defendants were under a duty to investigate the facts more promptly and that if they had done so, they would have discovered long ago the fact, which no doubt they strongly suspected, that plaintiff, being a resident of New Jersey, was also domiciled there and hence a citizen of that state. Although there is a certain equity in this contention, the question here is not one of equity but of statutory construction. There is no requirement in the statute that a defendant exercise any such diligence. This court cannot read into the statute a condition that is not there. I feel constrained, therefore, to deny the motion.

So ordered.