**Tom LEE, a minor, by and through his father and next friend, et al., Plaintiffs,**

**v.**

**VOLKSWAGEN OF AMERICA, INC., et al., Defendants.**

**No. CIV–76–0670–T.**

United States District Court, W. D. Oklahoma.

Sept. 30, 1976.

John W. Norman, of Lampkin, Wolfe, Burger, McCaffrey & Norman, Oklahoma City, Okl., for plaintiffs.

Bert M. Jones, Tulsa, Okl., for Volkswagens.

Kenneth R. Webster, Oklahoma City, Okl., for Marilyn V. Guffey.

## ORDER OF REMAND

THOMPSON, District Judge.

This matter has come before the Court upon Plaintiffs' "Motion to Remand and Assess Costs for Clearly Improper and Improvident Removal", defendants having filed their response thereto, and the Court being fully advised in the premises, enters its order on said motion as follows.

On August 19, 1976, the defendants herein filed in this Court their Petition for Removal of this cause which had originally been filed in the District Court of Oklahoma County, Oklahoma, on September 5, 1975, authority for such removal being 28 U.S.C. §§ 1441, et seq. In support of plaintiffs' objection to said transfer they invoke the provisions of section 1446(b) which requires removal within thirty days of receipt by the defendants of the initial pleading of the plaintiffs. Unquestionably defendants have attempted removal after the prescribed thirty day period but rely upon the second paragraph of section 1446(b) for their authority to do so.

Section 1446(b) provides:

"The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Defendants argue that the petition filed in state court failed to reveal the citizenship

of all the parties, and therefore the thirty day removal period did not commence until the defendants received something that made it possible to ascertain that the case had become removable. While defendants admit that the plaintiffs have filed nothing in the instant case which would disclose the citizenship of all the parties, they contend that the Court should take judicial notice of a "companion" case wherein a co-plaintiff herein sets forth jurisdictional facts showing diversity between the parties in the instant case. This latter case was removed to this court on May 7, 1976. Defendants have not cited any authority in support of their position that the pleadings in a "companion" case may be considered in computing the subsequent thirty day period.

The right of removal is statutory and must be strictly construed so as to permit a federal court to "encroach upon a state court's right to determine cases properly brought before the state court only with the express authority given by Congress". *Perrin v. Walker*, 385 F.Supp. 945 (E.D.Ill.1974). Since it is uncontroverted that defendants failed to remove this case within thirty days of the receipt of the state court petition, the provision that is to be construed is the second paragraph of section 1446(b). Two courts which have considered this clause have interpreted it in such a way as to conclude that a failure of a plaintiff to allege citizenship in the initial pleading does not prevent the commencing of the initial thirty day period. The Court in *Jong v. General Motors Corporation*, 359 F.Supp. 223 (N.D.Cal.1973), held that a failure to allege citizenship does not create a presumption of a certain citizenship and consequently the appearance of "non-removability" on the face of the pleading. In *Lassiter v. State Farm Mutual Automobile Insurance Co.*, 371 F.Supp. 1221 (E.D.Ark. 1974), the Court said at page 1224:

"The portion of section 1446(b) upon which defendant relies to support removal nearly two years after the suit was filed is limited to cases which were not removable when they were filed in the State courts. If a case is removable from the outset, it must be removed within the initial thirty day period specified by section 1446(b); subsequent events do not make it 'more removable' or 'again removable'."

This Court finds these holdings to be persuasive and concurs in them. Accordingly, this Court finds that the removal was untimely inasmuch as the defendants failed to file their petition for removal within the prescribed thirty day period following receipt of the initial pleading, notwithstanding the omission of citizenship allegations in said pleading. No amended pleading, motion, order or other paper has been found in the record which would show a change in the facts affecting jurisdiction herein, therefore it must be assumed that the circumstances affecting jurisdiction are the same now as when this case was first filed in state court. Thus, if diversity exists now, it existed on September 5, 1975, and at all times thereafter.

Moreover, assuming defendants are correct in their position that the initial thirty day period was not applicable, they maintain that the co-plaintiff's pleadings in a companion case wherein these same defendants are being sued constitute the papers from which it was first ascertained that the case was removable. The Court questions the correctness of this position, but nevertheless this companion case was filed in this court on May 7, 1976, and it is therefore apparent that the papers relied upon by defendant were received by them on or before that date. The petition for removal in the instant case was not filed until August 19, 1976, well beyond the subsequent thirty day period provided for in section 1446(b), and is untimely.

Plaintiffs also request that the Court assess costs pursuant to section 1447(c). This section provides that if the case was removed improvidently and without jurisdiction, the Court shall remand the case and may order the payment of just costs. Inasmuch as the assessment of costs is discretionary and the Court does not find the removal to have been improvident, the Court does not intend to assess costs to defendants.

Accordingly, it is the judgment of this Court that the Petition for Removal was untimely filed and that this case should be and the same is hereby remanded to the District Court of Oklahoma County, Oklahoma, without costs.