**Theodore HERRERA, Plaintiff,**

v.

**EXXON CORPORATION: EXXON COMPANY, U. S. A., and Does I through XX, Inclusive, Defendants.**

**No. C–77–0253–CBR.**

United States District Court, N. D. California.

April 27, 1977.

Dobbs, Doyle & Nielsen, Eugene W. Doyle, San Francisco, Cal., for plaintiff.

McCutchen, Black, Verleger & Shea, Jack D. Fudge, Ward L. Benshoof, James F. Vernon, Los Angeles, Cal., Fitzgerald, Abbott & Beardsley, Llewellyn E. Thompson, II, Oakland, Cal., for defendants.

## MEMORANDUM OF OPINION

RENFREW, District Judge.

This action was originally filed on February 13, 1976, in the Superior Court of the State of California in and for the County of San Mateo against Exxon Corporation ("Exxon"), Exxon Company, U.S.A., and twenty fictitious individuals designated as "Does I through XX, inclusive." The pleadings state that, although plaintiff believes that each unnamed defendant is somehow responsible for the activity of which he complains, the true names of the Doe defendants are unknown and will be added by amendment when ascertained. No allegation concerning the citizenship of the unidentified defendants appears in the pleadings.

The original complaint requested monetary relief on three different theories—

breach of an oral agreement, fraud, and negligent misrepresentation. The amended complaint, filed February 23, 1976, adds a fourth cause of action for conversion. The apparent basis of plaintiffs' claims as to the first three causes of action is an oral promise allegedly made by Exxon, Exxon Company, U.S.A., and four of the fictitious defendants. Paragraph III of both the original and the amended complaint states:

"Sometime during the month of February, 1973, plaintiff and defendants EXXON CORPORATION, EXXON COMPANY USA, DOE I, DOE II, DOE III and DOE IV made an oral agreement whereby plaintiff agreed to devote his best efforts and personal abilities to manage the aforementioned Exxon station on Westborough Boulevard in South San Francisco, County of San Mateo, so that there would be an increase in patronage and sales at said station. Defendants, and each of them, in exchange for said agreement, agreed to pay plaintiff certain commissions from the operation of the station and, additionally, to convert said station to a dealership for plaintiff during the months of April and May, 1973." Amended Complaint at 2. *See* Complaint at 2.

Thereafter, the charging allegations are directed at "defendants, and each of them."

The parties proceeded with pretrial motions and discovery in the Superior Court, but none of the Doe defendants was ever identified. At a conference held on January 14, 1977, the state court ordered the unidentified defendants "off calendar," and set a trial date of April 4, 1977.

The severance of the Doe defendants removed all doubt that there is complete diversity of citizenship between the parties.

As Exxon Company, U.S.A., is not a separate corporate entity, but an operating division of Exxon, Exxon is the only real defendant in the action. Exxon is now and was at the time that the action was commended a New Jersey corporation with its principal place of business in New York; plaintiff is and has been since the filing of the action a citizen of California.

On February 1, 1977, defendant Exxon filed a petition for removal with this Court, on the grounds that the federal district court has diversity jurisdiction over the controversy pursuant to 28 U.S.C. § 1332 and the action is removable under 28 U.S.C. § 1441. In response, plaintiff filed a motion to remand on February 14, 1977, which Exxon opposed in a memorandum filed February 18, 1977. The motion was argued at a hearing before the Court on February 24, 1977. Defendant Exxon submitted a supplemental memorandum on March 1, 1972, to which plaintiff replied on March 9, 1977.

Having fully considered both the oral arguments and the written submissions of the parties, the Court entered an order granting plaintiff's motion and remanding the action on March 17, 1977. However, in light of the importance of the issue to those parties who seek removal from state courts and the eloquent opposition of counsel for defendant Exxon, the Court wished to explain its rationale for the decision in a memorandum of opinion.

Because the parties are citizens of different states and the requested relief satisfies the jurisdictional amount requirement, it is clear that the Court would have diversity jurisdiction over the controversy and that the action is one susceptible of removal under 28 U.S.C. § 1441(a) and (b).[1] The

1. 28 U.S.C. § 1441(a) and (b) state:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

crucial question, however, is whether the removal was timely. 28 U.S.C. § 1446(b) states:

"(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

The parties advance contradictory theories concerning the import of § 1446(b) for this litigation.

Relying primarily upon *Southern Pac. Co. v. Haight*, 126 F.2d 900 (9 Cir.), cert. denied, 317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 542 (1942), and *Fred. Olson & Co. v. Moore*, 162 F.Supp. 82 (N.D.Cal.1958), defendant Exxon contends that the action was not removable as stated by either the original or the amended complaint. According to its theory, the case became removable only when the fictitious defendants were severed from the action because the fact of complete diversity had not previously been apparent. Quoting *Fred. Olsen & Co. v. Moore, supra*, 162 F.Supp. at 84, defendant argues:

"In cases such as this, where the plaintiff names fictitious defendants, the defendant may wait until dismissal of the fictitious defendants and it appears affirmatively that there is diversity of citizenship * * *. * * * A plaintiff who chooses to name Doe defendants in an action where actually there is diversity of citizenship may not claim that removal is untimely when he, himself, has

pleaded facts which create a questionable situation as to whether or not there is diversity of citizenship." (Citation omitted.)

Inasmuch as the petition for removal was filed within thirty days of the January 14, 1977, order severing the fictitious defendants, defendant Exxon contends that the filing was timely.

Conversely, plaintiff argues that Exxon's failure to petition for removal within thirty days of its receipt of the pleadings mandates a remand of the action. Citing *Jong v. General Motors Corporation*, 359 F.Supp. 223 (N.D.Cal.1973), and *Asher v. Pacific Power and Light Company*, 249 F.Supp. 671 (N.D.Cal.1965), he asserts that, had Exxon petitioned for removal at the inception of this action, the jurisdictional question would have been determined without consideration of the fictitious defendants. He quotes *Jong v. General Motors Corporation, supra*, 359 F.Supp. at 227, for the proposition that

" * * * Doe defendants should be disregarded in determining diversity of citizenship where the charging allegations of the complaint are directed at all the defendants jointly, with no attempt to designate the specific role or identity of any of the Doe defendants."

Contending that the charging paragraphs of the pleadings in this action are so general as to fall within the ambit of this rule of law, plaintiff argues that the action was removable as filed.

Accepting the viability of the case law advanced by plaintiff, defendant Exxon counters that the two lines of cases allow a defendant two alternatives. Where the citizenship of Doe defendants is in doubt, he may take immediate steps to remove the action to federal court by demonstrating that the unidentified parties are but formal and unnecessary defendants, or he may wait to remove until the plaintiff takes some affirmative action indicating his intention not to proceed against unidentified defendants. See 1A J. Moore, Federal Practice ¶ 0.168[.3–5], at 479–480, n. 27.

The Court agrees that a defendant does have such an option when a plaintiff pleads with particularity against Doe defendants, as was done in *Southern Pac. Co. v. Haight, supra,* 126 F.2d 900. In that case, the Doe defendants were specifically alleged to be operating employees of the company and citizens of the same state as the plaintiff. In addition, while alleging that the Company maintained and operated a railroad intersection in a negligent manner, the plaintiff specifically charged that the Doe defendants were negligent in failing to warn or notify him of the presence of railroad cars in an intersection.

■ However, a defendant enjoys no such option when unidentified defendants are rotely included in the complaint. The rationale for this distinction is simple. Although actions which entail specific averments against adequately described, fictitious defendants are not removable as filed if the citizenship of the Does is in doubt, those which include unnamed defendants without apparent reason are removable if diversity between the named parties is clear and, must, therefore, be removed within the first thirty-day period allowed by 28 U.S.C. § 1446(a).

In *Grigg v. Southern Pacific Company,* 246 F.2d 613 (9 Cir. 1957), a plaintiff who was a California resident sued a non-resident company, a named individual defendant whom he alleged to be a California resident, and six fictitious parties whose citizenship was not alleged. On the day of trial, the plaintiff had not served the identified resident, nor identified and served any of the Doe defendants. At that time, the identified resident was dismissed from the action, creating complete diversity between the named parties, and Southern Pacific Company petitioned for removal of the action. The Court of Appeals for this Circuit affirmed the District Court's refusal to remand despite the continued presence of the Doe defendants in the action, explaining that the uncertainty as to the citizenship of the fictitious defendants was not a sufficient consideration to defeat the requisite diversity. The Court of Appeals stated:

"Perhaps these Does have some proper place under California state practice. But it is hard to believe they serve any purpose when they are included superstitiously and without reason. Certainly their phantoms, when Does live not and are accused of nothing, should not divert the course of justice." 246 F.2d at 620.

■ Since *Grigg,* the law of this District has established that "summary remand may not now be justified merely upon the rationale that fictitious parties defendant may defeat diversity of citizenship in removal cases." *Scurlock v. American President Lines,* 162 F.Supp. 78, 80 (N.D.Cal. 1958). Rather, the district court must look behind the complaint to determine whether the Doe defendants are real defendants in order to resolve jurisdictional questions posed by removal petitions. *Id.* at 80–81. "If an examination of the allegations in the complaint reveals them to be so general that they give no clue as to whom they could pertain, then the parties sought to be joined under these allegations should be disregarded for the purposes of determining diversity jurisdiction." *Asher v. Pacific Power and Light Company, supra,* 249 F.Supp. at 676.

The question is, therefore, the degree of generality with respect to Doe defendants which renders an action removable on the pleadings. In *Scurlock,* the plaintiffs apparently addressed no charging allegations against the fictitious defendants. In *Grigg,* the plaintiffs charged unlawful activity against "the said defendants, and each of them," and, in *Asher,* against "the defendants." In each of these cases, the plaintiff failed to describe in any way the unidentified parties whom they purported to sue. Therefore, in each case, the Court found that the plaintiff genuinely wished to proceed against only the named defendant.

■ The fact that the plaintiff in the instant case took the additional step of enumerating four Does in one charging paragraph is insufficient to distinguish this case from *Scurlock, Grigg* and *Asher.* The pleadings in this action offer no specific description of any individual Doe defend-

ant, the position which he held, or his particular involvement in the alleged activity. Given the consistent reference to "defendants, and all of them" after paragraph III of the complaint, the decision to separate the four Doe defendants appears as arbitrary as the original decision to name twenty fictitious defendants. Where the pleadings so indicate that the Doe defendants are "unidentified, indefinite and ineffectual," *Scurlock v. American President Lines, supra,* 162 F.Supp. at 81, a case such as this is removable as filed under 28 U.S.C. § 1446(b). Therefore, because defendant Exxon did not petition for removal within thirty days after it received the complaint, the Court finds that this action was not timely removed.

■ This rule of law places an added burden upon both plaintiff and defendant. A plaintiff who wishes to sue unnamed defendants must articulate with greater particularity than notice pleading might otherwise demand the claimed involvement, capacity, and perhaps physical characteristics of the Doe defendants, or risk removal to federal court. At the same time, a defendant who wishes to remove must scrutinize the pleadings to determine the substantiality of the allegations against the Doe defendants to avoid the untimely filing of a removal petition. Perhaps, in questionable cases, a defendant would be best advised to inquire by interrogatory as to the plaintiff's knowledge and intentions regarding unidentified defendants. If a plaintiff responds that he has no present knowledge or reason to believe that any such defendant actually exists, that response would itself demonstrate the insubstantiality of the Doe defendants. Conversely, if the plaintiff states a serious intent to proceed against a party whom he knows but cannot yet identify by name or more ample description, the record would safeguard the defendant's ability to petition for removal at a later date, if the plaintiff should subsequently abandon his intention to so proceed.

■ In this era of decreasing provincialism, and especially in a state which has such an excellent state judiciary, it is questionable whether a defendant's right to choose between a state and a federal forum is one of substance. *See generally* H. Friendly, *Federal Jurisdiction : A General View* 139–152 (1973). Nevertheless, as long as diversity of citizenship remains a basis for federal jurisdiction,[2] the law which regulates movement between the state and federal forums must be designed to afford the fairest and most efficient adjudication of disputes possible. The rule of law which defendant Exxon asks this Court to establish militates against this important goal. Exxon's theory would promise a defendant who failed to exercise valid removal rights for nearly one year a further delay in the adjudication of an action due to the change in forums. Neither law nor logic recommends such an outcome. Therefore, the Court granted plaintiff's motion to remand the action to state court.

---

**2.** The future of diversity jurisdiction in the federal courts is, at best, uncertain. On January 4, 1977, Representative Charles E. Bennett (D., Fla.) introduced in the House a bill to abolish diversity jurisdiction. H.R. 761, 95th Cong., 1st Sess. (1977). In addition, on March 11, 1977, the Judicial Conference of the United States approved proposed recommended legislation designed to abolish or, in the alternative, to reduce the scope of diversity jurisdiction.