**Melvyn M. KANESHIRO, Plaintiff,**

v.

**NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, Defendant.**

**Civ. No. 79–0480.**

United States District Court,
D. Hawaii.

July 11, 1980.

Wallace S. Fujiyama, James E. Duffy, Jr., James J. Stone, Honolulu, Hawaii, for plaintiff.

Terence J. O'Toole, Dan T. Kochi, Honolulu, Hawaii, for defendant.

## DECISION ON ORDER OF REMAND TO STATE COURT

SAMUEL P. KING, Chief Judge.

Plaintiff Melvyn M. Kaneshiro filed this suit against Defendant North American Company for Life and Health Insurance ("North American") in Hawaii state court, alleging breach of a written contract of disability insurance. Defendant North American removed the case to this Court.

Plaintiff then filed a Motion for Remand or for Dismissal for Lack of Jurisdiction over the Subject Matter and for Costs. After considering the briefs and arguments of counsel and the record in the case, this Court on December 27, 1979, granted Plaintiff's motion for remand and for costs, and ordered this case remanded to the Circuit Court of the First Circuit of the State of Hawaii, whence it had been removed. The reasoning of the Court in support of its decision to grant the motion for remand is set forth hereinafter.

### STATEMENT OF THE ISSUE

Plaintiff Kaneshiro on October 6, 1979, filed a complaint in the Circuit Court of the First Circuit of the State of Hawaii against Defendant North American, alleging that North American had breached its written contract of insurance with him by failing to make disability income payments for the period of time he claims he was entitled to them.[1] The state court complaint alleged Plaintiff Kaneshiro to be "a resident of the City and County of Honolulu, State of Hawaii" and Defendant North American to be "an Illinois company doing business in the State of Hawaii."[2] On August 14, 1979,

---

1. Civil No. 58719.

2. Complaint, at ¶¶ 3–4, p. 1.

the complaint was served upon the Director of Regulatory Agencies of the State of Hawaii, who forwarded it to North American.

Defendant received from Plaintiff an extension of time in which to answer the complaint up to and including October 4, 1979, on which date Defendant filed in the state court a Motion for More Definite Statement in Complaint, requesting that court "to order Plaintiff to provide a more definite statement in his Complaint as to his state citizenship and the citizenship of [Defendant], on the ground that the pleading is so vague and ambiguous that Defendant . . . cannot frame a responsive pleading." [3] Plaintiff, by letter to Defendant of October 5, 1979, stated that he was "a life-long citizen of Hawaii." The state court denied Defendant's motion on October 27, 1979.

On October 31, 1979, Defendant North American filed a Petition for Removal of the case to this Court pursuant to 28 U.S.C. § 1446(a). The petition relies on the parties' diversity of citizenship as ground for removal and contains an allegation of Kaneshiro's citizenship based on the October 5, 1979, letter.[4] North American also filed, on the same day, a Request for Admission pursuant to Federal Rule of Civil Procedure 36 regarding Kaneshiro's citizenship.

On November 26, 1979, Plaintiff filed a Motion for Remand or for Dismissal for Lack of Jurisdiction over the Subject Matter and for Costs. This Court heard argument on December 27, 1979, and ruled from the bench that the motion for remand, and for costs in the amount of $180.00, be granted, and that the action be remanded to the Circuit Court of the First Circuit, State of Hawaii. On January 4, 1980, an Order Granting Motion for Remand and for Costs,

reflecting that ruling, was entered. In light of the scant and conflicting case law on the issue presented, the Court takes this opportunity to set forth in this decision the reasoning behind its order.

Plaintiff Kaneshiro argues that Defendant's Petition for Removal is untimely, because it was not "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ," as required by the first paragraph of 28 U.S.C. § 1446(b).[5] Plaintiff's position is that the case, although removable on the ground of diversity based upon the initial pleading, was not removed within the 30-day time limit, and that Plaintiff therefore is entitled to have the case remanded under 28 U.S.C. § 1447(c) and to his costs under § 1446(d).

Defendant, however, argues that it is the second paragraph of § 1446(b) that determines when the 30 days for removal begins to run in the instant case:

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Defendant's petition for removal is based on diversity. Defendant argues that the case was not removable on the initial pleading because Plaintiff did not allege his citizenship in the state court complaint, and that the case only became removable when Plaintiff stated his citizenship as diverse from Defendant's in Plaintiff's letter to Defendant of October 5, 1979, or alternatively, when Plaintiff failed to respond to Defend-

---

**3.** Motion for More Definite Statement in Complaint, at 1.

**4.** Petition for Removal, at ꞏ 4, p. 2.

**5.** If the first paragraph of § 1446(b) is applicable, as Plaintiff argues, the petition, which was filed on October 31, 1979, would be untimely even if Defendant's receipt of the initial pleading were taken to be as late as the date on

ant's October 31, 1979, request to admit Plaintiff's Hawaii citizenship.[6]

The question presented is, given that Plaintiff's complaint alleges only that he is a "resident" of Hawaii, whether the case is "not removable" on the initial pleading on the ground of diversity, and therefore whether Defendant's time period for removal is determined by the second paragraph of § 1446(b), which covers situations in which "the case stated by the initial pleading is not removable  .  .  ." and entitles the defendant to removal at such later time as "it may first be ascertained that the case is one which is or has become removable."[7]

## ARGUMENT

█ The right to remove a case from state to federal court is a statutory right and is outlined in 28 U.S.C. § 1441, which gives this Court jurisdiction over those cases removed from state court over which this Court would have had original jurisdiction.[8] This Court has removal jurisdiction based on diversity over cases over which it would have had original jurisdiction based on diversity, subject, however, to two limitations. None of the defendants may be a citizen of the state in which the district court is located. 28 U.S.C. § 1441(b); *Martin v. Snyder*, 148 U.S. 663, 13 S.Ct. 706, 37

L.Ed. 602 (1893). In addition, diversity must exist at the time the original action was filed as well as at the time the petition for removal is filed. 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3723, at 592 (1976).

The facts of the instant case appear sufficient to support removal jurisdiction based on diversity. Plaintiff Kaneshiro is a life-long citizen of Hawaii, and Defendant North American is, and was at the time of the complaint, an Illinois corporation with its principal place of business in Illinois. Thus, the parties are diverse both at the time the action was brought and at the time the petition for removal was filed, and the defendant is not a citizen of Hawaii. In addition, the plaintiff has alleged the requisite amount in controversy.[9] It follows that this Court would have had original jurisdiction over this case had Plaintiff filed the case in this Court with a proper allegation of jurisdiction. However, Plaintiff did not choose to file his case in this Court but rather chose as his forum the state court.

█ Whereas this Court is a court of limited jurisdiction, the state court is a court of general jurisdiction and does not similarly require in the plaintiff's complaint an allegation of citizenship to support jurisdiction.[10] As a matter of general practice,

---

which the complaint was received by Defendant's Hawaii counsel, September 26, 1979.

**6.** Neither party argues that the case was removable on grounds other than diversity.

**7.** There is no similar issue in this case regarding the amount in controversy. Plaintiff's state court complaint contains a prayer for, *inter alia*, "$5,000.00 in monthly indemnity benefits," "$100,000.00 in general damages," and "$1,000,00.00 [sic] in punitive damages," Complaint, at 4, and Defendant's Petition for Removal alleges the amount in controversy to exceed the requisite $10,000.00, Petition for Removal, at ' 8, p. 2.

**8.** 28 U.S.C. §§ 1441(a) 1441(b) provide:
(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United

States for the district and division embracing the place where such action is pending.
(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*See also* 28 U.S.C. § 1332.

**9.** *See* n. 7 *supra.*

**10.** The jurisdiction of the circuit and district trial courts of the State of Hawaii is set forth in Haw.Rev.Stat. § 603–21.5 and § 604–5 (1976), respectively. Amount in controversy is relevant to whether the circuit or district court has jurisdiction in certain limited cases but is in no way relevant here.

state court plaintiffs do not routinely allege the citizenship of the parties in their complaints.[11] Plaintiff did allege his Hawaii residency. However, residency, although relevant, is clearly not sufficient to show citizenship.[12]

The procedure for removal is set out in 28 U.S.C. § 1446, subsection (a) of which requires the defendant seeking removal to file "a verified petition containing a short and plain statement of the facts which entitle him . . . to removal . . . ." Subsection (b) sets out the time period in which the defendant's petition to remove a case from state court must be filed:

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

**11.** It was appropriate that the state court denied Defendant's motion for a more definite statement as to Plaintiff's citizenship, since citizenship was irrelevant to the state court complaint.

**12.** The court in *Jong v. General Motors Corporation*, 359 F.Supp. 223 (N.D.Cal.1973), a case discussed below with similar facts to the one at bar, stated that "although domicile and citizenship are synonymous for diversity purposes, *Williamson v. Osenton*, 232 U.S. 619, 624, 34 S.Ct. 442, 58 L.Ed. 758 (1914), mere residence in a state is not enough to show domicile. *Mantin v. Broadcast Music*, 244 F.2d 204 (9th Cir. 1957)." *Id.* at 225. *See also* Black's Law Dictionary 1473 (4th ed. 1968).

Plaintiff in this case cites the first paragraph of § 1446(b), arguing that the case was removable on the initial pleading and that Defendant's petition for removal was therefore untimely. Defendant cites the second paragraph of § 1446(b), arguing that the case was not removable on the basis of the state court complaint.

■ While it may be tempting to suppose that there are only two logical possibilities, that is, that a case is either removable or not removable, and that the first paragraph of § 1446(b) covers the former and the second paragraph the latter, it is evident that such is not the situation. Rather, there are actually three possibilities. The case on the initial pleadings may be removable on its face, not removable on its face, or indeterminate in the sense that it does not on its face supply sufficient information to determine whether or not it is removable. The third possibility exists because the criteria determining removability are not necessarily required of or relevant to the plaintiff's state court complaint. Where the defendant's petition for removal is based on diversity, it must contain in its "statement of the facts which entitle [the defendant] . . . to removal" the citizenship of the parties, a necessary jurisdictional fact in federal court, but a fact irrelevant to jurisdiction in the state court.[13]

The question then becomes which paragraph of § 1446(b) is applicable to that third category of cases in which the initial pleading does not on its face provide the necessary information for removal. If one reads the second paragraph's opening proviso—

**13.** Wright notes this problem:

> There are many . . . situations in which the requisite jurisdictional facts will not appear on the face of the complaint. Thus the citizenship of the parties will not normally be set forth in a state court complaint, and the defendant, seeking to remove on the basis of diversity, must be permitted to show these facts in his petition.

C. Wright, Federal Courts 163 (3d ed. 1976) (footnote omitted). Situations in which the complaint lacks an *ad damnum* clause or contains Doe defendants also present this problem and are discussed below.

"[i]f the case stated by the initial pleading is not removable, . . . ."—to mean "[i]f the initial pleading does not set out the required elements of a removable case, . . . .", then the second paragraph of § 1446(b) seemingly would apply. However, if the second paragraph is applied to the third category of indeterminate cases, the following problem arises. The progression of the plaintiff's state court case generally will provide no impetus for the plaintiff to state jurisdictional facts relevant only to jurisdiction in federal court. Is the defendant then entitled to sit on his right to remove until such time as he deems it provident to discover from the plaintiff the requisite jurisdictional facts and remove the case to federal court? If the defendant discovers that the case is in fact not removable, the plaintiff is not prejudiced, but if the defendant discovers that the case is removable on the facts underlying the complaint, he has been afforded an egregious opportunity to delay and to squander both judicial resources and the resources of his adversary. Thus it is those third category cases that are indeterminate on their face but actually removable on their underlying facts that are problematic. The case before this Court is such a case.

The few cases that actually address the question of the applicability of the second paragraph of § 1446(b) where the defendant did not remove within 30 days of the plaintiff's state court complaint alleging residence but not citizenship[14] stand in conflict with each other, with no apparent regard for the opposing view. Cases with similar facts have held the second paragraph of § 1446(b) to be applicable and to be inapplicable. Defendant cites *Fisher v. United Airlines, Inc.*, 218 F.Supp. 223 (S.D.N.Y. 1963), a case on all fours with the case before this Court. In *Fisher*, the initial pleading, plaintiff's state court complaint, stated that plaintiff was a resident of New Jersey. Defendant did not remove to federal court until after discovering in the course of examining plaintiff that he was a citizen, as well as a resident, of New Jersey. The court in *Fisher* rejected plaintiff's argument, on his motion to remand, that defendant had a duty to be diligent and to investigate the facts more promptly, and held for defendant on the grounds that the second paragraph of § 1446(b) was applicable on these facts and that defendant "had made literal compliance with the statute . . . ," *id.* at 225. The decision in *Jong v. General Motors Corporation*, 359 F.Supp. 223 (N.D.Cal.1973), contrasts with that in *Fisher*. Plaintiff's state court complaint did not state the citizenship of the parties, and the court considered the question of "whether the case as stated in the initial pleading was 'not removable' within the meaning of Section 1446(b)," 359 F.Supp. at 224, since potentially California citizenship of a co-defendant would defeat defendant's removal. The *Jong* court stated:

> The rule is clear that, where an action is originally brought in state court and the complaint has not alleged the citizenship of a defendant, a defendant seeking removal has the burden of alleging and proving the diverse citizenship of all the parties. *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939).

*Id.* at 224–25. In *Jong*, the court thus found the second paragraph of § 1446(b) inapplicable to a case whose initial pleading was indeterminate with regard to removability.[15] *Lee v. Volkswagen of America, Inc.*, 429 F.Supp. 5 (W.D.Okl.1976), is a case that relies on *Jong* and is on all fours with the case at bar. The *Lee* court rejected defendant's argument that the state court pleading "failed to reveal the citizenship of all the parties, and that therefore the thirty day removal period did not commence until the defendants received something that made it possible to ascertain that the case

---

**14.** This precise problem did not arise prior to 1948, since until that time diversity was determined according to residency rather than citizenship. *See* Wright, *supra note* 13, at 152.

**15.** In *Jong,* the case was in fact not removable until the dismissal of a co-defendant who was in fact a California citizen, and the court therefore held defendant's removal within 30 days of the dismissal to be timely under the second paragraph of § 1446(b).

had become removable," *id.* at 6–7, and concurred in the interpretation of the courts in *Jong, supra,* and *Lassiter v. State Farm Mutual Automobile Insurance Co.,* 371 F.Supp. 1221 (E.D.Ark.1974), which "conclude[d] that a failure of a plaintiff to allege citizenship in the initial pleading does not prevent the commencing of the initial thirty day period," 429 F.Supp. at 7.

Given the limited guidance provided by case law directly on point, this Court next considers decisions involving analogous issues. A problem parallel to the citizenship problem arises in removal cases in which the state court complaint was not required to contain an *ad damnum* clause but the petition for removal must contain an allegation as to the requisite amount in controversy. In cases with Doe defendants a related issue arises in that the court faces the question of whether or not to look behind the pleadings when it applies the time limit set out in § 1446(b). The holdings in these cases, however, exhibit no more consistency than do the ones in the cases directly on point.[16]

Defendant in the instant case cites *Bonnell v. Seaboard Air Line Railroad Company,* 202 F.Supp. 53 (N.D.Fla.1962). Plaintiff in *Bonnell* filed his complaint in Florida state court with an *ad damnum* clause that complied with state practice, which required no more specific an allegation of damages than "in excess of five-hundred dollars ($500.00)," *id.* at 54. The court ruled that the time period for removal did not start running until plaintiff failed to respond in timely fashion to defendant's request to admit that the amount in controversy exceeded the federal jurisdictional amount, despite prior discovery making it evident to defendant that the federal jurisdictional amount indeed had been met. *Id.* at 55. The court in *Bonnell* stated that "[t]he jur-

isdictional amount is that amount which is claimed by the plaintiff in his complaint and not that which is alleged in the defendant's petition for removal," *id.* at 54, citing *Gaitor v. Peninsula & Occidental Steamship Company,* 287 F.2d 252 (5th Cir. 1961), a Florida case with similar facts.[17] Moore also takes the position that "the defendant's time for removal should not begin to run until he is apprised of a claim by the plaintiff for an amount that satisfies the jurisdictional amount." 1A Moore's Federal Practice ¶ 0.168[3.–5], at 1241 (2d ed. 1979).

In contrast to the above authorities is the ruling in *Horak v. Color Metal of Zurich, Switzerland,* 285 F.Supp. 603 (D.N.J.1968). New Jersey state practice required no *ad damnum* clause in the complaint, and plaintiff in *Horak* included none. The court ruled that the second paragraph of § 1446(b) is only applicable *"[i]f* the case stated by the initial pleading is not removable," *id.* at 605 (emphasis in original), and that the federal court could determine whether the jurisdictional amount was met at the time of defendant's petition for removal, *id.* at 605 (citing cases), thus rebuffing defendant's "challenge to prompt removal of non-liquidated damage cases from the New Jersey courts to [federal court] . . . ," *id.* at 605. The *Horak* court took the opportunity in a footnote to criticize both the "Moore rule" and *Bonnell* for missing the point, which it stated to be "not whether *defendant* can initially determine whether the jurisdictional amount is present, but rather whether the complaint, as viewed by the *court,* states the jurisdictional amount." *Id.* at 605–06 n. 2 (emphasis in original). The *Horak* court thus ruled that the federal court should scrutinize the complaint to ascertain whether it actually seeks the requisite jurisdictional amount in

---

16. *See Scurlock v. American President Lines,* 162 F.Supp. 78, 80 (N.D.Cal.1958) (noting conflict within Ninth Circuit as to whether or not court should look behind plaintiff's complaint to discover real or fictitious nature of Doe defendants).

17. *Gaitor* relied on the rule, stated in *Great Northern Railway Company v. Alexander,* 246

U.S. 276, 281, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918), that only the voluntary act of the plaintiff can make a previously nonremovable case removable, 287 F.2d at 254. That, however, mistakes the issue, which is not whether a case with an indeterminate *ad damnum* clause does or does not become removable, but whether the case is or is not already removable.

controversy. Upon finding that plaintiff's complaint did, the court applied the time limit for removal set out in the first paragraph of § 1446(b) and remanded the case to state court.

The issue of whether or not to look behind the pleadings also has arisen in cases involving Doe defendants. A state court complaint that names a Doe defendant without alleging his citizenship presents an indeterminate case for removal on the basis of diversity. A real Doe defendant may in fact destroy complete diversity, at least until such time as the Doe defendant is dismissed; however, a fictitious Doe defendant has no citizenship and no effect on diversity either before or after his inevitable dismissal. The question of timeliness of a defendant's removal petition arises in cases in which the defendant waits until the plaintiff dismisses the fictitious Doe defendants before he files his removal petition, and the plaintiff objects to the delay.

In *Herrera v. Exxon Corp.*, 430 F.Supp. 1215 (N.D.Cal.1977), the court held that "the district court must look behind the complaint to determine whether the Doe defendants are real defendants in order to resolve jurisdictional questions posed by removal petitions," *id.* at 1219, citing *Grigg v. Southern Pacific Company*, 246 F.2d 613 (9th Cir. 1957), *Scurlock v. American President Lines*, 162 F.Supp. 78 (N.D.Cal.1958), and *Asher v. Pacific Power and Light Company*, 249 F.Supp. 671 (N.D.Cal.1965). The court in *Grigg* held that existence of fictitious Does whose citizenship was not alleged did not prevent removal by defendant. 246 F.2d at 620. The *Scurlock* court held that "[i]t is the duty of the Court, when determining the question of jurisdiction, to 'look behind the pleadings,' according to the mandate of the Supreme Court stated in *City of Dawson v. Columbia Ave. Svgs. Fund Safe Deposit, Title & Trust Co.*, 197 U.S. 178, 25 S.Ct. 420, 421, 49 L.Ed. 713." 162 F.Supp. at 80. The court in *Asher* relied on *Grigg* and other cases and articulated the following test: "If an examination of the allegations in the complaint reveals them to be so general that they give no clue as to whom they could pertain, then

the parties sought to be joined under these allegations should be disregarded for the purposes of determining diversity jurisdiction." 249 F.Supp. at 676. More recently, the court in *Littlefield v. Continental Cas. Co.*, 475 F.Supp. 887 (C.D.Cal.1979), applied the *Asher* test to a fact situation in which the Doe defendants were "sufficiently identified for the [defendant] to determine who they are. The burden, therefore, falls on [the defendant] to show that the Doe defendants are not citizens of California [and that removal is possible]." *Id.* at 889 (citing *Herrera*). In *Herrera*, the court placed the burden on the defendant who wishes to remove, stating that he "must scrutinize the pleadings to determine the substantiality of the allegations against the Doe defendants to avoid the untimely filing of a removal petition," 430 F.Supp. at 1220, and held that defendant's petition to remove, filed within thirty days of an order severing the fictitious defendants, but nearly a year after the initial pleading, was untimely under the first paragraph of § 1446(b), *id.* at 1220. There are, however, cases going the other way. The defendant in *Herrera* relied on *Fred Olsen & Co. v. Moore*, 162 F.Supp. 82 (N.D.Cal.1958), in which the court stated:

In cases such as this, where the plaintiff names fictitious defendants, the defendant may wait until dismissal of the fictitious defendants and it appears affirmatively that there is diversity of citizenship . . .. A plaintiff who chooses to name Doe defendants in an action where actually there is diversity of citizenship may not claim that removal is untimely when he, himself, has pleaded facts which create a questionable situation as to whether or not there is diversity of citizenship.

*Id.* at 84. *Olsen* is a companion case to *Scurlock*: in *Olsen*, defendant waited for dismissal of fictitious Doe defendants before removing; in *Scurlock*, defendant did not. Thus, the court in those two cases ruled that where plaintiff names fictitious Doe defendants, defendant may wait until their dismissal but need not. *Herrera* later relied on the *Scurlock* ruling but rejected *Olsen*.

■ Although the decisions cited above are by no means in agreement, there appears to be a line of support for placing on the defendant desiring removal the burden of scrutinizing the plaintiff's initial pleading, even if it is indeterminate on its face, and of removing within 30 days, at least unless the initial pleading provides "no clue" that the case is actually removable. Applying the *Asher* test to the case at bar, Defendant North American has the burden of showing that Plaintiff Kaneshiro is indeed a citizen of Hawaii, which makes removal based on diversity possible. Plaintiff's allegation of his Hawaii residency is surely a clue as to his Hawaii citizenship.[18] It then is incumbent upon the court to look behind the pleadings to determine whether sufficient grounds for removal, as alleged by the defendant, exist, as they indeed do in the instant case. Thus, the second paragraph of § 1446(b) is not applicable to indeterminate pleadings, unless they provide "no clue" to the fact that the case is actually removable. This analysis eliminates the possibility of prejudicial delay caused by removing defendants and promotes judicial economy.

This Court finds this line of reasoning persuasive and now turns for support to an analysis of the language and legislative history of § 1446(b), the nature of statutory conferral of jurisdiction upon a court of limited jurisdiction, and the allocation of burdens in removal jurisdiction.

An examination of the language of § 1446(b) argues that the second paragraph applies only to the category of cases that are "not removable," and that the first paragraph applies to everything else and therefore to indeterminate cases as well as to clearly removable ones. The first paragraph contains no language limiting it only to cases that are "removable," whereas the second paragraph is specifically limited to cases that are "not removable"; the first paragraph thus appears to state the general rule, and the second a specifically delineated exception. This is supported by the legislative history of the statute in that § 1446(b) was composed solely of the first paragraph until the second paragraph was added in 1949.[19]

The language and legislative history of the second paragraph of § 1446(b) do not exclude all doubts as to meaning and intent, and the Court therefore turns to the nature of the statute for guidance. The statute is a removal statute, and "removal statutes are to be strictly construed," *Bradley v. Maryland Casualty Company*, 382 F.2d 415, 419 (8th Cir. 1967) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941), and *Hoyt v. Sears, Roebuck & Co.*, 130 F.2d 636, 637 (9th Cir. 1942), *cert. denied*, 317 U.S. 687, 63 S.Ct. 257, 87 L.Ed. 550 (1942)). This follows from

> the fact that '. . . a federal court is a court of limited jurisdiction and can only entertain those actions which fall squarely within its jurisdiction as that jurisdiction is stated by the Act or Acts of Congress in conformity with the Judiciary Articles of the Constitution. This

**18.** Given Plaintiff's Hawaii residency, Defendant need only ascertain Plaintiff's intent to reside permanently in Hawaii in order to show that Plaintiff is a Hawaii citizen.

**19.** Act of May 24, 1949, ch. 139, § 83, 63 Stat. 101. (This was later amended on September 29, 1965, by Pub.L. No. 89–215, 79 Statute 887, extending the time period from 20 to 30 days.) The House Report states that the 1949 amendment "is intended to make clear that the right of removal may be exercised at a later stage of the case if the initial pleading does not state a removable case but its removability is subsequently disclosed" and that "[t]his is declaratory of the existing rule laid down by the decisions," citing one case, *Powers v. Chesapeake*

*& Ohio Ry. Co.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898). H.Rep.No.352 to accompany H.R. 3762, 81st Cong., 1st Sess. (1949), 2 *U.S. Code Cong.Serv.* 1248, 1268 (1949). *Powers* dealt not with a mere disclosure of removability previously not on the face of the pleading, but rather with a case initially not removable that became removable through the dismissal of defendants that previously had destroyed complete diversity of citizenship. Thus, although the language of the Report appears to encompass situations in which there is disclosure without any underlying change in the case, the decisional rule relied upon does not support that interpretation.

Court has the responsibility to accept jurisdiction in all proper cases. It has an equal obligation to protect the jurisdiction of the State court, both by reason of comity to that court and fairness to the litigants who have chosen it as a forum. Where there is doubt as to the federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction.' *Saylor v. General Motors Corp.*, 416 F.Supp. 1173 at 1176 (E.D.Ky., 1976), quoting *Walsh v. American Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D.Ky., 1967).

*Growth Rlty. Companies v. Burnac Mtg. Investors*, 474 F.Supp. 991, 993 (D.C.P.R. 1979) (citations omitted). The nature of a statutory conferral of jurisdiction upon a court of limited jurisdiction was recently stated by the Ninth Circuit in *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir. 1979):

> At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction.
>
> .    .    .    .
>
> The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress. We look to federal law to determine whether the elements of removal jurisdiction have been established under the statutes, keeping in mind that removal statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); 14 Wright, Miller and Cooper,

*Federal Practice and Procedure*, § 3721, pp. 533–37.

*Id.* at 1064. In light of such a mandate for strict construction of the statutory grant of removal jurisdiction, this Court resolves its doubts regarding the language and legislative history of § 1446(b) in favor of a narrow reading of the applicability of the exception delineated in the second paragraph of § 1446(b).[20]

Doubts are to be resolved in favor of the plaintiff on another ground as well. Only the defendant can remove, since the plaintiff already has chosen to bring his action in state court, and the burden is concomitantly on the defendant to establish that removal is proper. *See* Wright, Miller & Cooper, *supra*, at § 3721 n. 65. In *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1938), the Supreme Court held that defendant petitioner had the burden of alleging the basis for removal and "was bound to show that [the co-defendant destroying diversity] was a non-resident in order to justify removal," *id.* at 540, 59 S.Ct. at 350.[21] It is on this basis that the court in *Jong, supra,* argued that mere absence of a statement of citizenship in the plaintiff's pleadings cannot create a presumption that overcomes the defendant's burden of alleging and proving the diverse citizenship that supports his petition to remove. 359 F.Supp. at 224–25. In a removal petition based on diversity, the defendant clearly cannot shift to the plaintiff his burden of alleging and proving that diversity exists at the time of removal, since it is the

---

**20.** Cases exist holding that failure to meet a specific time limit is not a jurisdictional defect. *London v. United States Fire Ins. Co.*, 531 F.2d 257 (5th Cir. 1976) (citing cases). In *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209 (9th Cir. 1980), the Ninth Circuit recently stated that "[t]he statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional," *id.* at 1212 (citations omitted), and held that plaintiff had waived the untimeliness of defendant's removal by his failure to object on that ground until appeal, *id.* at 1212-13. *Fristoe* presents an extreme set of facts, but even if the holding were applied generally, it would not alter the reasoning of this Court. The instant case, although it contains an issue of untimeliness, does not turn on the strict application of the 30-day time limit *per se.* Rather, it involves strict construction of the statutory language that determines *when* the 30 days starts running, specifically the language that creates an exception to the general rule that the time period starts running at the time of the initial pleading. The Ninth Circuit's holding in *Fristoe* that the plaintiff cannot sit on his right to object to untimely removal in no way counters this Court's holding that the defendant cannot sit on his right to remove.

**21.** Prior to 1948 diversity was determined by the parties' residence rather than citizenship. Wright, *supra* note 13, at 152.

defendant that determines the precise time of removal. Neither should he be able to shift to the plaintiff his burden of alleging and proving diversity at the time of the initial pleading, since it is only the defendant that has any interest in or requirement of pleading that diversity.

## HOLDING

This Court therefore holds that on the facts in this case the second paragraph of 28 U.S.C. § 1446(b) is inapplicable, and that Defendant's time period for removal ran from his receipt of the initial pleading, according to the first paragraph of § 1446(b). Put simply, because it is not true here that "the case stated by the initial pleading is not removable," the second paragraph of § 1446(b) does not apply. Where the initial pleading is indeterminate, absent fraud by the plaintiff or pleadings that provide "no clue" that the case is not "not removable," the burden is on the defendant desiring removal to scrutinize the case and to remove it in a timely fashion.

This rule is not unduly harsh on the defendant. In effect, the defendant is put on inquiry notice by the plaintiff's initial pleading and must inquire of the plaintiff the jurisdictional facts necessary to the petition to remove.[22] The rule does place a burden on the defendant: he has the burden of promptly choosing his forum and of not causing undue delay or duplicative litigation. It is a burden that rightly rests on him, since it is he who seeks access to a court of limited jurisdiction.

For the foregoing reasons, this Court granted Plaintiff's Motion for Remand and for Costs and remanded the action to the state court.

---

22. *Herrera, supra,* suggests that the defendant might inquire by interrogatory. 430 F.Supp. at 1220. Alternatively, the defendant might employ a request to admit, as did Defendant in the instant case, although not before the 30-day time period for removal had run. Furthermore, while the defendant may not add missing allegations by amendment, he may amend his petition for removal in order to cure defective allegations. Wright, Miller & Cooper, *supra,* at § 3733 n. 9.