Charlotte BLOW, et al.

v.

LIBERTY TRAVEL, INC., and Villalife, Ltd.

Civ. A. No. 82–3233.

United States District Court,
E.D. Pennsylvania.

Sept. 28, 1982.

Michael A. Seidman, Philadelphia, Pa., for plaintiffs.

James D. Palmer, Philadelphia, Pa., for Liberty Travel.

Frederic M. Krieger, Philadelphia, Pa., for Villalife, Ltd.

MEMORANDUM

NEWCOMER, District Judge.

Plaintiffs move to remand this case to the Pennsylvania Court of Common Pleas from which it has been removed by defendants pursuant to 28 U.S.C. § 1446. Plaintiffs' only ground for remand is that the defendants' petition for removal was untimely.

Failure to file a petition for removal within the thirty days provided by § 1446(b) is a sufficient ground on which to remand. *Typh, Inc. v. Typhoon Fence of Pa., Inc.,* 461 F.Supp. 994 (E.D.Pa.1978). The burden of proof is on the petitioning defendants to establish their right to removal, including their compliance with the requirements of the removal statute. *Albonetti v. GAF Corp.,* 520 F.Supp. 825 (S.D. Tex.1981). The burden is on the defendant,

therefore, to prove that the petition for removal was timely under § 1446(b). Defendant has not met this burden and thus the motion to remand will be granted.

Plaintiffs mailed a copy of the complaint to an address in California they believed to be that of defendant Villalife, and received a return receipt indicating that the complaint had been delivered on June 4, 1982. Section 1446(b) of 28 U.S.C.[1] requires that petitions for removal be filed within thirty days of the receipt of the initial pleading by the defendant. The petition for removal in this case was filed on July 26, 1982. Plaintiff argues that defendant Villalife received the complaint on June 4, 1982, and that, consequently, the petition for removal was untimely and the case should be remanded.

■ Defendant Villalife responded to plaintiffs' motion to remand with an affidavit from defendant's California counsel, Mr. Richard Stambul, who asserted that the address to which plaintiffs had mailed the complaint was not an office of Villalife or anyone authorized to accept service on Villalife's behalf. Mr. Stambul stated that the complaint had been forwarded to Villalife's actual address in Calgary, Canada, and had only been received by the defendant "on or about June 24, 1982." Mr. Stambul himself, however, did not actually learn of the complaint until June 25, 1982, and thus has no personal knowledge that the complaint was actually received on June 24. Since the petition for removal would have been untimely had the complaint been received on June 23rd or earlier, Mr. Stambul's mere belief that the complaint had been received "on or about" June 24th is inadequate to satisfy defendant's burden. This being so, plaintiff's motion must be granted.

■ Defendant Villalife raises another argument in opposition to remand. Villalife asserts that the petition for removal was timely because the removability of the action was not apparent on the face of the complaint and therefore, under defendant's interpretation of § 1446(b), the thirty day time limit had not commenced to run. The argument is based upon the fact that the only basis for federal jurisdiction in this case is diversity under 28 U.S.C. § 1332, and the fact that the plaintiffs failed to allege their "citizenship" or that of the defendants. The complaint simply asserted that plaintiffs were "residents" of Pennsylvania, and that defendants Liberty Travel and Villalife were, respectively, a New York corporation with an office in Pennsylvania and a corporation with an office in California. Villalife's position is that under § 1446(b) the jurisdictional basis for removal must be clear from the initial pleading in order to have the receipt of that initial pleading by the defendant commence the running of the thirty day time limit.

Defendant's interpretation of § 1446(b) is based on the second part of that section which reads:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Defendant seems to interpret "not removable" as meaning not absolutely establishing removability. There is some support for this position. *See Fisher v. United Airlines, Inc.,* 218 F.Supp. 223 (S.D.N.Y.1963). Recently, however, this language in section

---

1. Section 1446(b) of 28 U.S.C. reads:

(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

1446(b) has been interpreted as requiring that a petition for removal be filed within thirty days of the receipt of any initial pleading which does not on its face preclude removal. See *Kaneshiro v. North American Co. for Life & Health,* 496 F.Supp. 452 (D.Hawaii 1980). I believe that this interpretation is correct. As the *Kaneshiro* decision points out, plaintiffs in state court will generally not compose their pleadings with an eye to the requirements of federal jurisdiction. For example in this case plaintiffs simply alleged that they were "residents" of Pennsylvania but not that they were "citizens" of Pennsylvania. It would undermine the purpose of § 1446(b)[2] to hold that the failure of the plaintiffs to allege citizenship stayed the running of the thirty day time limit until the defendants should, through discovery or otherwise, establish the citizenship of the parties. Certainly the allegation that plaintiffs were residents of Pennsylvania put the defendants on warning that they were probably also citizens of that state.[3]

Defendant argues that *Kaneshiro* should not be followed in cases involving multiple defendants because of the possibility that a codefendant might be uncooperative about admitting his citizenship, and that, as a result, the thirty day period could run before this fact could be established through discovery. This argument is unpersuasive since all defendants must join in a petition for removal. *P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Insurance Co.,* 395 F.2d 546 (7th Cir.1968). An uncooperative codefendant, therefore, could simply refuse to join in the petition, and would not need to conceal his citizenship in order to prevent removal.

I hold, therefore, that the thirty day time limit of § 1446(b) began to run upon defendant's receipt of the complaint. Furthermore, I find, that the defendant has failed to carry its burden of proof that the petition for removal was timely. The plaintiffs motion to remand must, therefore, be granted.

---

**2.** The purpose of § 1446(b) has been characterized as being to obtain the earliest possible removal of an action to federal court once the defendant has had an opportunity to determine the removability of the action. *International Equity Corp. v. Pepper and Tanner, Inc.,* 323 F.Supp. 1107, 1109 (E.D.Pa.1971).

**3.** Given plaintiffs' Pennsylvania residency, it need only be established that plaintiffs intend to reside permanently in Pennsylvania to show their Pennsylvania citizenship.