Linda Carol GREEN, Plaintiff,

v.

**DEPOSIT GUARANTY NATIONAL BANK, Defendant.**

**Civil Action No. 3:96–CV–755WS.**

United States District Court, S.D. Mississippi, Jackson Division.

Feb. 7, 1997.

Dennis L. Horn, Horn & Payne, Jackson, MS, Ronald L. Whittington, McComb, MS, for Plaintiff.

Herbert C. Ehrhardt, Paula Graves Ardelean, Louis H. Watson, Jr., Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Defendant.

## ORDER

WINGATE, District Judge.

Before the court is plaintiff's motion to remand. Filed pursuant to Title 28 U.S.C. § 1447,[1] plaintiff's motion asks this court to remand this lawsuit to the Circuit Court of Pike County, Mississippi, where it originated. The defendant who removed this lawsuit to this court on October 11, 1996, opposes the motion. This court, however, is persuaded by the plaintiff's motion and hereby remands this case for the reasons which follow.

On May 10, 1996, plaintiff Linda Carol Green filed this lawsuit in state court against her previous employer, the defendant, Deposit Guaranty National Bank. Charging that defendant forced her to resign her position as Branch Manager on June 15, 1995, plaintiff asserts the following claims for relief in her complaint: (1) that defendant violated public policy of Mississippi by discharging plaintiff for complaining of wrongful, illegal acts being committed by her fellow employee; (2) that the defendant engaged in a continuing course of conduct which negligently caused the infliction of emotional distress; (3) that the conduct of the defendant constituted slander; and (4) that defendant's termination of plaintiff under the circumstances violated defendant's employment manual and, as such, constituted a breach of this employment contract. Plaintiff seeks compensatory and punitive damages.

On October 11, 1996, defendant removed this case from state court to this court pursuant to Title 28 U.S.C. § 1441,[2] alleging feder-

---

1. Title 28 U.S.C. § 1447 provides in pertinent part:

    (c) A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

2. Title 28 U.S.C. § 1441 states in pertinent part:

    (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

al question jurisdiction under Title 28 U.S.C. § 1331[3] as the grounds for removability. In its Notice of Removal, defendant contends that in September, 1996, upon the receipt of certain discovery from plaintiff defendant learned for the first time that plaintiff's complaint actually asserts a sexual harassment claim under Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §§ 2000e–2000e–17.[4]

In her motion to remand, plaintiff argues that this case should be remanded for either one of two reasons: (1) because her complaint alleges only state law claims; and (2) because even if the court here discerns a federal claim, defendant's removal was untimely since the existence of such claim has been evident since the complaint was filed in May of 1996. As such, says plaintiff, removal of this case was untimely and not in accordance with Title 28 U.S.C. § 1446[5] which requires the removal of all civil actions within thirty days of defendant first being put on notice of the removability of the case.

■ Whether a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint. *Carpenter v. Wichita Falls Independent School Dist.,* 44 F.3d 362, 366 (5th Cir.1995); *Kramer v. Smith Barney,* 80 F.3d 1080, 1082 (5th Cir.1996) (pursuant to the well-pleaded complaint rule, a case does not arise under federal law and is therefore not removable if the complaint asserts only state causes of action); *Baker v. Farmers Elec. Co-op., Inc.,* 34 F.3d 274, 278 (5th Cir.1994) ("Where removal jurisdiction is predicated on the exis-

tence of federal question, federal question generally must appear on face of plaintiff's complaint."); *Anderson v. American Airlines, Inc.,* 2 F.3d 590, 593 (5th Cir.1993) (If a question of federal law does not appear on the complaint, then federal question jurisdiction does not exist and removal is improper); *Rodriguez v. Pacificare of Texas, Inc.,* 980 F.2d 1014, 1017 (5th Cir.1993) (Removal is not possible unless the plaintiff's "well pleaded complaint" raises issues of federal law sufficient to support federal question jurisdiction) (citing *Louisville & N.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908)).

■ Defendant readily acknowledges that on its face plaintiff's complaint does not assert a federal claim of sexual harassment. Title VII is not mentioned anywhere in the complaint, nor does the complaint assert anywhere that the defendant is an employer covered by Title VII. Instead, says defendant, plaintiff has sought to cleverly camouflage her federal claim by masking the claim in state law pleadings.

The deception was revealed, says defendant, when plaintiff answered defendant's discovery. In response to defendant's request for production, plaintiff produced miscellaneous documents retained by plaintiff through the course of her employment with defendant which are related to the subject of plaintiff's claims. Says defendant, the nature of the documents produced revealed only then that plaintiff was asserting a sexual harassment claim arising under Title VII of

---

**3.** Title 28 U.S.C. § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

**4.** Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

**5.** Title 28 U.S.C. § 1446 provides in pertinent part:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be on the defendant whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction by section 1332 of this title more than 1 year after commencement of the action.

the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

Defendant's argument, if factually correct, has juridical support. Settled law teaches that the removability of an action cannot be defeated by "artful or disguised pleading." *Aaron v. National Union Fire Ins. Co.,* 876 F.2d 1157, 1161 (5th Cir.1989); *Carpenter v. Wichita Falls Independent School District,* 44 F.3d 362, 366 (5th Cir.1995) (where a plaintiff has no viable or legitimate claim under state law, he may not avoid removal by artfully casting his federal suit as one arising exclusively under state law). But to take advantage of this jurisprudence, defendant's factual assertion must prove to be a worthy partner. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995) (removal of case cannot be based simply upon conclusory allegations). Defendant's core assertion is that the plaintiff's disingenuous pleading was not revealed until plaintiff answered defendant's discovery. Only at that time, says defendant, was it clear that plaintiff was pursuing a claim governed by federal law. Immediately thereafter, says defendant, in accordance to Title 28 U.S.C. § 1446(b), defendant filed its notice of removal in the requisite thirty-day period.

The key to this dispute is the language in plaintiff's complaint, whether that language has truly earned the disingenuous label that defendant attaches to it. If it has, defendant's removal was proper; if not, plaintiff's motion to remand should be granted. As earlier stated, this court is persuaded that plaintiff's motion should be granted.

The discovery defendant refers to consisted of cartoons and jokes, all of a ribald nature, which, according to plaintiff, were freely circulated in the defendant's workplace.

Yet, in paragraph 6 of plaintiff's complaint, plaintiff states the following:

On or about April 19, 1995, the plaintiff was subjected to sexual harassment by a fellow employee. His conduct was unsolicited and unwelcomed and the plaintiff knew that such conduct was contrary to and prohibited by the defendant's existing personnel policy and that same constituted grounds for disciplinary action to the of-fending employee and that such conduct was expressly prohibited. Pursuant to the established policy of the defendant, the plaintiff, immediately and in writing, reported this misconduct and improper legal action of the perpetrator to the defendant's President of the McComb, Mississippi, branch of Deposit Guaranty National Bank. A true and correct copy of the report of the plaintiff to the defendant, dated April 19, 1995, is attached whereto as Exhibit "B" and is incorporated herein by reference.

So, while defendant touts the plaintiff's response to discovery as first alerting it to plaintiff's true claim, the language in plaintiff's complaint in paragraph 6 is every bit as indicative and should have provided the same clue to defendant of plaintiff's possible purpose as did the information received in discovery.

Thus, pursuant to Title 28 U.S.C. § 1446(b), this court finds that defendant had thirty days from when the complaint was received on May 13, 1995, to file its notice of removal. Instead, defendant filed its notice of removal on October 11, 1996, clearly outside the allotted thirty-day period.

■ Removal statutes are to be strictly construed against removal. *Reece v. Wal–Mart Stores, Inc.,* 98 F.3d 839, 841 (5th Cir.1996) (citing *Brown v. Demco, Inc.,* 792 F.2d 478, 482 (5th Cir.1986)). The time period for removal once a defendant is placed on notice of a removable claim is thirty days. *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 164 (5th Cir.1992). Defendant had notice of just such a claim by the language in plaintiff's complaint but failed to file its notice of removal within the requisite thirty-day period. Therefore, removal of this case was untimely.

■ Although the court has determined that defendant's removal was untimely and that this case must be remanded on this basis alone, the court will also address plaintiff's second argument in support of remand. According to plaintiff, she has raised only state law claims, notwithstanding defendant's assertion that in addition she has raised a claim under Title VII of sexual harassment.

Plaintiff acknowledges that she has alleged that she was discharged from her employment as a direct and proximate result of her complaining to the bank president of wrongful, illegal acts of harassment being committed by her fellow employee. Plaintiff contends, however, that this is a state law cause of action embraced by *McArn v. Allied Bruce–Terminix, Inc.*, 626 So.2d 603, 607 (Miss.1993). In *McArn*, the Mississippi Supreme Court stated the following:

> (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer. To this limited extent, this court declares these public policy exceptions to the age old common law rule of employment at will.

626 So.2d at 607.

■ As earlier stated, plaintiff's complaint nowhere alleges on its face a federal cause of action; instead, plaintiff has couched her complaint under a state law cause of action. Plaintiff is the architect of her own complaint and, as such, may draw her allegations solely under state law should she please. *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480, 35 S.Ct. 658, 659, 59 L.Ed. 1056 (1915) ("the plaintiff is absolute master of what jurisdiction he will appeal to."); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 23, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) ("the party who brings a suit is master to decide what law he will rely upon"); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1167 (5th Cir.1988). Although defendant argues that plaintiff's allegations raise a claim under Title VII, arguably plaintiff's allegations also raise a claim under the doctrine created by *McArn*. Therefore, this court holds that defendant has failed to show that plaintiff's complaint rests on claims falling within the realm of federal question jurisdiction. *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362, 365 (5th Cir.1995) (defendant bears the burden of establishing federal jurisdiction over a state court suit).

In her motion to remand, plaintiff attacked defendant's removal of this case from state court to this federal forum on two grounds: (1) that the removal was untimely; and (2) that contrary to defendant's assertions her complaint raised no federal cause of action. Persuaded by the above analysis that both of plaintiff's challenges have merit, this court hereby grants plaintiff's motion to remand this lawsuit to the Circuit Court of Pike County, Mississippi.