Misty Dawn MESSICK, Plaintiff,

v.

TOYOTA MOTOR MANUFACTURING,
KENTUCKY, INC., et al.,
Defendants.

No. CIV. A. 98–387.

United States District Court,
E.D. Kentucky.

Jan. 25, 1999.

J. Michael Poole, J. Michael Poole & Associates, Louisville, KY, John C. Roach, Ransdell, Roach & Wier PLLC, Lexington, KY, for Misty Dawn Messick.

Jeffrey A. Savarise, David B. Sandler, Katherine Ann Hessenbruch, Greenebaum, Doll & McDonald PLLC, Louisville, KY, Stephanie Hall Prewitt, Georgetown, KY, for Toyota Motor Mfg., Kentucky, Inc.

John O. Sheller, Smith & Smith, Louisville, KY, Patrick D. Dolan, Mark L. Karasik, Baker & McKenzie, Chicago, IL, for Olsten Staffing Services Area One, Inc.

Robert L. Roark, LaDonna Lynn Koebel, Whayne M. Hougland, Walther, Roark, Gay & Todd, Lexington, KY, for Terrence Dalton.

Jimmie G. Orr, Jr., Jimmie G. Orr, Jr., P.S.C., Georgetown, KY, for Phil Gossett.

**OPINION & ORDER**

FORESTER, District Judge.

This matter is before the Court pursuant to the parties' motions. Having been fully briefed, each is ripe for review.

### I.

Plaintiff, Misty Dawn Messick, filed this action in Scott County Circuit Court on May 7, 1998 alleging sexual harassment, breach of contract and intentional infliction of emotional distress. Defendants are Toyota Motor Manufacturing, Kentucky, Inc. (Toyota), Olsten Staffing Services Area One, Inc. (Olsten) and Phil Gossett. The Scott Circuit Court entered default judgment against Terrence Dalton. In the original complaint, Plaintiff did not make reference to the Kentucky Civil Rights Statute, KRS Chapter 344, or Title VII, 42 U.S.C. § 2000e. In July 1998, Plaintiff informed Defendants of her intent to amend her complaint and the parties discussed the possibility of tendering an agreed order. On August 17, 1998, Plaintiff mailed the agreed order, with the amended complaint, to Defendants for signature. That same day, Plaintiff filed a motion for leave to file the amended complaint. On September 3, 1998, the Scott Circuit Court signed the agreed order and the amended complaint was deemed filed. In the amended complaint, Plaintiff alleges that Defendants violated her rights under both the Kentucky Civil Rights Act and Title VII. Consequently, on September 16, 1998, Defendants filed a Notice of Removal.

Plaintiff now moves to remand, claiming that removal was untimely. Specifically, Plaintiff contends that Defendants were on notice as early as the date on which the original complaint was filed that the action was removable. In the alternative, Plaintiff argues that Defendants were placed on notice that this case was removable prior to August 17, 1998 based on "other papers" passed between the parties. Plaintiff also suggests that because the amend-

ed complaint did not change the nature of the case, it may not serve as a basis for removal. The Court will address each of these arguments in turn.

### A.

■ Section 1446(b) of Title 28 provides, in pertinent part,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable. . . .

28 U.S.C. § 1446(b). Federal question jurisdiction exists when the basis for a federal question appears on the face of the well-pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Agnifili v. KFC Corp.*, 924 F.Supp. 78 (W.D.Ky. 1996). However, this evaluation must be filtered through other well-settled premises regarding pleading and removal. It is well established that a plaintiff is the master of his complaint and may avoid federal question jurisdiction by relying exclusively on state law. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir.1996). In addition, the removal statutes must be strictly construed with all doubts cast against removal, *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989), and the removing party bears the burden of showing that removal is proper. *Ahearn*, 100 F.3d at 454–55.

■ Based on these principles, it is clear that had Defendants attempted to remove this action when the original complaint was filed, they would not have survived a motion to remand. On its face, the original complaint only alleges sexual harassment in a generic sense and equally supports a state law claim alone as well as

a federal cause of action. Thus, as master of her complaint, Plaintiff may have intended to seek relief solely under state law to avoid removal. If Defendants opted to remove at that time, they surely would not have met their burden.

Plaintiff's reliance on *Green v. Deposit Guaranty National Bank*, 966 F.Supp. 464 (S.D.Miss.1997) is unpersuasive. Green, unlike Plaintiff, did not have the option of relying only on state law for redress for sexual harassment. Consequently, the Court finds that when the original complaint was filed, Defendants could not have ascertained that this action was removable.

### B.

The Court is unpersuaded by Plaintiff's second argument. Following a review of the exhibits attached to Plaintiff's motion to remand, the Court finds that they add nothing in terms of placing Defendants on notice of Plaintiff's intent to pursue relief through Title VII.

### C.

Finally, Plaintiff contends that because the amended complaint does nothing to change the nature of her lawsuit, it may not serve as the basis for removal. Plaintiff argues that an amended complaint which adds nothing more than (1) an additional damages claim; (2) a new party; (3) a state law claim that is preempted by a federal statute [1]; or (4) constitutional and statutory references to further show illegal action does not operate to extend the thirty day removal period. However, such is not the case here. While Plaintiff's original complaint is deficient in terms of alleging whether a state or federal law has been violated, the amended complaint expressly states a federal claim. Thus, for jurisdictional purposes, the amended pleading has more than incidental effect.

---

**1.** Plaintiff's memorandum evinces the perils of "SpellCheck." Legislatures enact "stat-utes" and not "statues."

Plaintiff also contends that *Wilson v. Intercollegiate (Big Ten) Conference Athletic Assoc.,* 668 F.2d 962 (7th Cir.1982), is directly on point. There, Wilson's original complaint alleged both a state and federal constitutional violation. Six months later, Wilson amended his complaint alleging violations of various federal statutes. The Seventh Circuit held that the defendant's effort to remove was untimely because the amended complaint did not start a new case.

Plaintiff's reliance on *Wilson* is misguided. First, *Wilson* has been superseded by the amendments to § 1446(b). *See Burke v. Atlantic Fuels Marketing Corp.,* 775 F.Supp. 474 (D.Mass.1991). Second, even a cursory review of *Wilson* reveals that on its face, Wilson's original complaint alleged a federal claim, making the case removable immediately. When Wilson amended, the district court, relying on the judicially created doctrine under the version of § 1446(b) in existence at the time, found that the amended complaint so changed the nature of the case that it was considered a "new suit begun that day," reviving the right to remove. *Wilson,* 668 F.2d at 965.

Here, as previously discussed, Plaintiff did not allege a federal claim on the face of her original complaint. Thus, even if *Wilson* had not been superseded by statute, the revival of the right to remove is inapplicable because a basis for removal did not exist until the amendment. Consequently, the Court finds that pursuant to 28 U.S.C. § 1446(b), Defendants were first able to ascertain that this case may be removed no earlier than August 17, 1998. Therefore, the September 16, 1998 notice of removal is timely.[2]

**2.** This result is reached without opining as to whether the mailing of an amended complaint to an opposing party prior to obtaining leave of the court to file the same may be considered "receipt by the defendant, through service or otherwise, of a copy of an amended pleading" in accordance with § 1446(b).

## II.

Defendants Toyota and Olsten move to dismiss the portion of Plaintiff's claim for punitive damages with respect to the alleged violation of the Kentucky Civil Rights Act.[3] They argue that according to the plain language of the statute, only actual damages may be awarded. Defendants also submit that the 1992 amendment to the Act allowing punitive damages with respect to housing discrimination reflects a legislative intent not to allow punitive damages in the employment context. Plaintiff counters by asserting that because the Kentucky Civil Rights Act mirrors Title VII and its policies, punitive damages may be recovered.

KRS 344.450 provides that

[a]ny person injured by any act in violation of the provisions of this chapter shall have a civil cause of action in Circuit Court to enjoin further violations, and to recover the actual damages sustained, together with the costs of the law suit. The court's order or judgment shall include a reasonable fee for the plaintiff's attorney of record and any other remedies contained in this chapter.

KRS 344.660(1) provides

[i]n a civil action under KRS 344.650, if the Circuit Court finds that a discriminatory housing practice has occurred or is about to occur, the Circuit Court may award to the plaintiff actual and punitive damages, and subject to subsection (3) of this section, may grant as relief, as the court deems appropriate any permanent or temporary injunction, restraining order, or other order including an order enjoining the defendant from engaging in the practice or ordering affirmative action as appropriate.

**3.** In disposing of Defendants' motion, the Court considered Plaintiff's amended reply [DE # 11].

■ Under Kentucky law, when a statute both declares an act unlawful and specifies the remedy, the aggrieved party is limited to the remedy provided by statute. *Grzyb v. Evans,* 700 S.W.2d 399, 401 (Ky. 1985). As Toyota points out, Kentucky courts adhere to the following rule of statutory construction: "the enumeration of particular things excludes others not specifically mentioned." *Louisville Water Co. v. Wells,* 664 S.W.2d 525, 527 (Ky.App. 1984).

■ The Kentucky legislature amended KRS 344.660(1) to allow the recovery of punitive damages for housing discrimination. In 1996, KRS 344.450 was amended as well but actual damages remained as the only damages recoverable. Had the legislature intended to make punitive damages available, it could have amended KRS 344.450 accordingly. However, based on the plain language of the Act, only actual damages may be awarded. Accordingly, the motion is well-taken.[4]

### III.

■ Defendant Olsten moves for dismissal of Count 8 of Plaintiff's complaint which alleges intentional infliction of emotional distress. According to Olsten, because damages for embarrassment, humiliation and mental anguish are recoverable under the Kentucky Civil Rights Act, her outrage claim will not lie. The Court agrees. Under Kentucky law, when damages for emotional distress are available through a traditional state tort claim, and the conduct was not intended only to cause extreme emotional distress, an emotional distress claim will not lie. *Rigazio v. Archdiocese of Louisville,* 853 S.W.2d 295,

299 (Ky.App.1993). While the court in *Rigazio* focused on traditional state tort claims as the proper avenue for relief, the court made it clear that "the tort of outrage [is] intended to supplement the existing forms of recovery, not swallow them up." *Id.* Therefore, because Plaintiff finds an existing form of recovery for her emotional distress under the Kentucky Civil Rights Act, she fails to state a claim of intentional infliction of emotional distress against Olsten.

### IV.

Defendant Dalton moves to set aside the default judgment entered against him by the Scott Circuit Court. Fed.R.Civ.P. 55(c) governs this matter and provides "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." A party upon motion may be relieved from a judgment for excusable neglect. Fed.R.Civ.P. 60(b).

■ The Court must consider the following factors when a motion for relief from a judgment is premised upon excusable neglect: (1) whether the default was the result of defendant's willful or culpable conduct; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether the defendant presents a meritorious defense following the entry of default. *Thompson v. American Home Assurance Co.,* 95 F.3d 429, 432 (6th Cir.1996). These factors are not balanced, but instead, the moving party must satisfy each independently. *Waifersong Ltd. Inc. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992).

---

4. The Court is unimpressed with Plaintiff's argument that because compensatory damages are permitted under KRS 344.450, punitive damages should be as well. Actual damages are synonymous with compensatory damages. BLACK'S LAW DICTIONARY 35 (6th ed.1990). Thus, there is nothing remarkable about the recovery of compensatory damages under the Kentucky Civil Rights Act. Further, the cases cited by Plaintiff in support

of this argument, *Easton v. Louisville and Jefferson Cty. Bd. of Health,* 706 F.Supp. 536 (W.D.Ky.1987), and *Mitchell v. Seaboard Sys. R.R.,* 883 F.2d 451 (6th Cir.1989), simply held that a Plaintiff may recover damages for embarrassment and humiliation under the Act. Nothing in these opinions supports the proposition that anything beyond compensatory damages may be awarded.

First, in support of his motion, Dalton attaches an affidavit. Therein, Dalton claims that he was employed with Toyota when he received service of process and up until that time had never been a party to a lawsuit. In addition, Dalton states that although he informed Toyota that he would hire his own attorney, he was unable to retain one. Prior to obtaining representation, Dalton failed to answer or otherwise plead resulting in default. It was his belief, however, that Toyota's answer satisfied his obligation to do so. Based on these assertions, the Court finds that Dalton's failure to answer was not the product of culpable or willful conduct.

With regard to the second factor, the Court finds that Plaintiff will not be prejudiced if the default judgment is set aside. The delay endured by a plaintiff by litigating her claims against the party in default is not considered prejudicial for purposes of setting aside the judgment. *United Coin Meter v. Seaboard Coastline, R.R,* 705 F.2d 839 (6th Cir.1983). Plaintiff contends that she will suffer in terms of the time counsel has expended since the entry of default. Included in these efforts is exclusion of Dalton from her amended complaint. She also cites her need to "begin the process all over again" in terms of responding to Defendants' motions to dismiss.

The Court finds these reasons insubstantial in light of the well-settled premise that the entry of a default judgment is not favored and that any doubts should be resolved in favor of deciding the case on its merits. *Id.* at 846. It cannot be seriously maintained that in what promises to be a complex case Plaintiff will be prejudiced if she chooses to again amend her complaint and propound interrogatories to Dalton. Further, it is unclear why Plaintiff will be required to defend the motions to dismiss disposed of in this opinion "all over again." Dalton's presence does nothing to undermine the Court's determination regarding punitive damages or whether the notice of removal was timely. Accordingly, the Court finds that Plaintiff will not be prejudiced by the setting aside of the default judgment.

With respect to the "meritorious defense" factor, it is not the likelihood of the defendant's success that is controlling but rather whether the defense is good at law. *Id.* at 845. In his pleadings, Dalton has asserted that there is no individual liability under Title VII and the Kentucky Civil Rights Act and that Plaintiff fails to state an outrage claim. Therefore, the Court finds that Dalton has a meritorious defense to Plaintiff's claims. Because Dalton has satisfied all three factors, the default judgment must be set aside.

## V.

Based on the foregoing, **IT IS HEREBY ORDERED**

(1) Plaintiff's motion to remand this action to Scott Circuit Court [DE # 12] is **DENIED;**

(2) Plaintiff's motion to amend her response to Toyota's motion to dismiss [DE # 11] is **GRANTED** and the Clerk of the Court shall file said response accordingly;

(3) Defendant Toyota's motion to dismiss with respect to Plaintiff's claim for punitive damages under the Kentucky Civil Rights Act [DE # 3] is **GRANTED;**

(4) Defendant Olsten's motion to dismiss with respect to Plaintiff's claim for punitive damages under the Kentucky Civil Rights Act and intentional infliction of emotional distress [DE # 7] is **GRANTED;**

(5) Defendant Dalton's motion to set aside the default judgment [DE # 18] is **GRANTED** and the default judgment entered by the Scott Circuit Court is **SET ASIDE;** and

(6) all motions filed in state court which were pending at the time of removal and not addressed by this opinion and order [DE # 1] are **DENIED WITHOUT**

PREJUDICE to each party's right to re-file the same.