**Benjamin SOTO, Plaintiff,**

v.

**APPLE TOWING, John Stewart, Defendants.**

**No. CV 99–7328 (RJD).**

United States District Court, E.D. New York.

Aug. 28, 2000.

Solomon Rosengarten, Brooklyn, NY, for plaintiff.

S. Craig Moore, Constangy, Brooks & Smith, LLC, Nashville, TN, for the defendants.

## MEMORANDUM & ORDER

DEARIE, District Judge.

Plaintiff Benjamin Soto moves to remand this action to the Supreme Court of New York, Kings County on the ground that the removal was untimely. Defendants argue that this action was removed within 30 days from the date on which they discovered it was removable. For the reasons set forth below, plaintiff's motion to remand is denied.

*Background*

In July 1998, plaintiff began this action in state court. He alleges discriminatory discharge on the basis of his national origin, Puerto Rican. *See* Cplt. at ¶ 7. Plaintiff asserts that he was terminated because he "wished to exhibit a flag of Puerto Rico as a means of expressing pride in his Puerto Rican heritage." *Id.* at ¶ 6. The complaint includes no statutory or constitutional reference and does not articulate a violation of any federal or state law. The question presented is whether removal, in a non-diversity case, is required within 30 days of receipt of a complaint that makes no specific statutory or other reference to state or federal law but does allege a claim cognizable under federal law.

The absence of any jurisdictional assertion drew the attention of defendants' counsel during discovery. On August 2, 1999 during plaintiff's deposition, defendants' counsel asked plaintiff's counsel directly about the statutory basis of plaintiff's claim. Plaintiff's counsel stated that he would not answer the question at that time but would instead reply "within days

of receiving" a written request. *See* Soto Dep. at 85–86.

On the following day, defendants' counsel faxed a letter to plaintiff's counsel again requesting the statutory basis for the lawsuit. There was no response. On September 1, 1999, defendants' counsel sent a second letter. In a letter dated October 5, 1999, plaintiff's counsel finally replied, informing counsel that plaintiff alleges a violation of 42 U.S.C. § 1981 and Section 296 of the New York Executive Law. On October 11, 1999, defendants received plaintiff's letter and removed the case to this Court on November 9, 1999.

*Discussion*

The time requirements for removal are set forth in 28 U.S.C. § 1446(b), which provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...

Plaintiff argues that defendants' removal was untimely. Relying on the second paragraph of 28 U.S.C. § 1446(b), defendants assert that they removed the case as soon as they were able to ascertain removability. Defendants received written notice that plaintiff is claiming a violation of federal law on October 11, 1999 and removed the case within 30 days. In response, plaintiff maintains that the second paragraph of § 1446(b) applies only when the complaint clearly demonstrates that it is not removable. According to plaintiff, the 30-day time limit was triggered in July

1998 because a federal cause of action is manifestly evident from the face of the complaint. The threshold issue is whether the case was removable in July 1998 when the defendants first received the complaint.

*Removability in July 1998*

According to 28 U.S.C. § 1441, an action may be removed only if the case originally could have been filed in federal court. Where there is no diversity of citizenship, as is the case here, federal question jurisdiction is required for removal. With a few exceptions not relevant here, "[t]he presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule." *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir.1998). "That rule provides that federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law, . . . and only when plaintiff's well-pleaded complaint raises issues of federal law . . . [T]he plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Id.* (internal citations omitted). "Thus, even if both federal and state law provide a remedy to the plaintiff, the plaintiff can avoid federal jurisdiction by pleading state law—at the price, of course, of foregoing the federal remedies." *Eastern States Health & Welfare Fund v. Philip Morris, Inc.*, 11 F.Supp.2d 384, 389 (S.D.N.Y.1998) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394–95, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)).

■ The Court concludes that the 30–day removal period did not begin to run until defendants' receipt of plaintiff's October 11, 1999 letter setting forth the statutory bases for his claim. In his complaint, plaintiff alleges that he was terminated because of his Puerto Rican national origin. A claim of discrimination on the basis of Puerto Rican national origin is cognizable under both New York and federal law. As master of his complaint, plaintiff could have sought relief solely under state law to avoid removal. Instead, plaintiff's vague pleading references no law, federal or state. However, he maintains that a federal claim is evident from the face of the complaint. Although the action is cognizable under federal law, plaintiff did not actually assert a federal claim. A federal claim is not well-pleaded, and plaintiff cannot now rely on his obviously flawed pleading to insist that defendants' removal was untimely.

"Whether a case is removable according to the initial pleading depends on whether the initial pleading enables the defendant to 'intelligently ascertain' removability from the face of such pleading, so that in its petition for removal defendant can make a short and plain statement of the facts which entitle it to remove as required in 28 U.S.C. § 1446(a)." *Richstone v. Chubb Colonial Life Ins.*, 988 F.Supp. 401, 402–403 (S.D.N.Y.1997). Defendants could not have ascertained removability from the face of the complaint. Although plaintiff could have alleged national origin discrimination in violation of federal law, for whatever reason plaintiff did not. And since removal statutes are construed in favor of remand, it was not unreasonable for defendants to refrain from filing a removal notice upon receipt of such an ambiguous complaint.

The facts of *Messick v. Toyota Motor Manufacturing*, 45 F.Supp.2d 578 (E.D.Ky.1999), are analogous to the present case. In *Messick*, the plaintiff alleged, inter alia, sexual harassment in her original complaint, without any statutory reference. Plaintiff later amended her complaint to include the Kentucky Civil Rights Act and Title VII, 42 U.S.C. § 2000e, and defendants then filed a notice of removal. Plaintiff moved to remand on the basis of untimely removal, arguing that the original complaint gave defendants notice that the action was removable. In concluding that the period for removal was triggered by the amended complaint instead of the original complaint, the *Messick* court first noted that plaintiff is the master of her

complaint and may avoid federal question jurisdiction by relying exclusively on state law. Then the court emphasized that "removal statutes must be strictly construed with all doubts cast against removal ... and the removing party bears the burden of showing that removal is proper." *Id.* at 580 (citations omitted). In denying the motion to remand, the *Messick* court stated:

> Based on these principles, it is clear that had defendants attempted to remove this action when the original complaint was filed, they would not have survived a motion to remand. On its face, the original complaint only alleges sexual harassment in a generic sense and equally supports a state law claim alone as well as a federal cause of action. Thus, as master of her complaint, plaintiff may have intended to seek relief solely under state law to avoid removal. If defendants opted to remove at that time, they surely would not have met their burden. *Id.*

While the Court need not determine whether a motion to remand would necessarily have been granted if defendants had removed immediately, the Court concludes that in this case the 30–day removal period did not begin to run upon defendants' receipt of the complaint. Any other resolution of this question is undesirable. To require defendants to remove cases within 30 days of receiving a complaint similar to plaintiff's pleading would "give rise to cases of unwarranted removal, resulting in unnecessary, wasteful litigation and expense in [ ] federal court." *E.W. Howell Co. v. Underwriters Lab., Inc.*, 596 F.Supp. 1517, 1520 (E.D.N.Y.1984) (internal quotes omitted).

*Duty to Investigate*

In support of its motion to remand, plaintiff cites to district court cases involving federal diversity jurisdiction, which hold that if a complaint fails to disclose clearly that the case is not removable, a defendant is under a duty to investigate and remove within the initial 30–day peri-od. *See, e.g., Kaneshiro v. North American Co. for Life & Health Ins.*, 496 F.Supp. 452, 462 (D.Hawai'i 1980) ("Where the initial pleading is indeterminate, absent fraud by the plaintiff or pleadings that provide 'no clue' that the case is not 'not removable,' the burden is on the defendant desiring removal to scrutinize the case and to remove it in a timely fashion.").

The Second Circuit has not addressed this issue. Other district courts and two circuit courts of appeal have refused to impose such a duty when assessing the timeliness of removal. In *Fisher v. United Airlines*, 218 F.Supp. 223 (S.D.N.Y.1963), defendant, a Delaware corporation, removed a two-year old case within 20 days of discovering that plaintiff was a citizen of New Jersey. The court rejected plaintiff's argument that defendants were under a duty to investigate the facts more promptly and noted that "[t]here is no requirement in [§ 1446(b) ] that a defendant exercise any such diligence." *Id.* at 225. *See also Smith v. Bally's Holiday*, 843 F.Supp. 1451, 1453 n. 5 (N.D.Ga.1994) (rejecting argument that defendants had a duty to investigate whether amount in controversy was satisfied). *But see DiMeglio v. Italia Crociere Internazionale*, 502 F.Supp. 316 (S.D.N.Y.1980) (in disagreeing with *Fisher,* the court held that plaintiff did not have to allege citizenship in the complaint to trigger the 30–day limit for removal).

In declining to impose a duty to investigate, district courts have held that the time to remove a case does not begin to run until the facts warranting removability are explicit. *See, e.g., Riggs v. Continental Baking Co.*, 678 F.Supp. 236, 238 (N.D.Cal.1988) ("The elements of removability must be specifically indicated in official papers before the statutory period begins to run."); *Gilardi v. Atchison, Topeka & Santa Fe Railway Co.*, 189 F.Supp. 82 (N.D.Ill.1960) (where initial pleading failed to state facts indicating whether case was removable, court held defendant was entitled to remove after receipt of paper from

which removability was first ascertained); *Morschauser v. The American News Company,* 158 F.Supp. 517, 520 (S.D.N.Y.1958) (in diversity jurisdiction case, "[s]ince neither initial pleading nor any subsequent paper, until amended complaint, disclosed where any plaintiff lived ..., the case was not removable until ... amended complaint was received").

The Fifth and Ten Circuits have refused to impose a duty to investigate on a removing defendant. In *Leffall v. Dallas Independent School District,* 28 F.3d 521, 524–25 (5th Cir.1994), plaintiff filed a lawsuit after her son was killed during a school dance. Without referring to any statutes, plaintiff alleged that the school knew that students often carried weapons but failed to take adequate precautions. Plaintiff then amended her complaint to include a claim pursuant to 42 U.S.C. § 1983 and defendants removed. The district court denied plaintiff's motion to remand on the basis of untimely removal. In affirming the lower court, the Fifth Circuit rejected plaintiff's argument that the 30–day clock "should begin to run when a plaintiff files a pleading that is indeterminate as to removability if the defendant would know in the exercise of due diligence that the case is removable." *Id.* at 525 (citation omitted). The court announced that the removal clock began to run only when the defendants received a pleading that "revealed on its face that [the plaintiff] was asserting a cause of action based on federal law." *Id.*

In *Akin v. Ashland Chemical Company,* 156 F.3d 1030 (10th Cir.1998), *cert. denied,* 526 U.S. 1112, 119 S.Ct. 1756, 143 L.Ed.2d 788 (1999), plaintiffs filed a toxic tort case for alleged injuries sustained while working at an Air Force base. Defendants removed after receipt of answers to interrogatories beyond the initial 30–day period. In denying plaintiff's motion to remand on the basis of untimely removal, the district court ruled that the complaint was ambiguous because "while working at" could serve either as a geographical or durational modifier. In affirming the lower court, the Tenth Circuit expressed its disagreement with "other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove may exist," and instead announced that it "requires clear and unequivocal notice from the pleading itself, or a subsequent 'other paper'..." *Id.* at 1036. *See also* MOORE'S FEDERAL PRACTICE 3D § 107.30[3][f] ("The removal statute makes clear that the basis for removability must be ascertainable from the pleading or other paper. Until the defendant has fair notice that the case is removable, there should be no formal duty to investigate.").

This Court also declines to impose a duty to investigate upon the defendants. Whether a case is removable depends on whether the complaint enables a defendant to intelligently ascertain removability. *See Richstone,* 988 F.Supp. at 402–403. The Court agrees with the Tenth Circuit that " 'ascertained' as used in section 1446(b) means a statement that should not be ambiguous or one which requires an extensive investigation to determine the truth." *Akin,* 156 F.3d at 1035 (citation and internal quotes omitted). As noted in *Fisher,* there is no requirement in 28 U.S.C. § 1446(b) that a defendant exercise a duty to investigate, and this Court will not read into the statute such a condition. To do so would invite wasteful litigation as parties spar over the issues of diligence and ascertainability. There is a wholesale difference between the need to ensure subject matter jurisdiction of the court and an attorney's duty to pick his adversary's brain to discover the precise nature of an unidentified claim.

### Attorney's Fees

Because this Court denies plaintiff's motion to remand, plaintiff is not entitled to any attorney's fees incurred in making this motion.

*Conclusion*

For all of the foregoing reasons, the Court denies plaintiff's motion to remand this case to the New York State Supreme Court, Kings County.

SO ORDERED.